UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| AMANDA SHRYOCK-OMER, ) | |
| ) | |
| Plaintiff, ) | Case: 1:24-cv-01501 |
| ) | |
| v. ) | |
| ) | |
| CASEY'S RETAIL COMPANY, ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, Amanda Shryock-Omer ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Casey's Retail Company ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5. A charge of employment discrimination on the basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

7. At all times material to the allegations of this Complaint, Plaintiff, Amanda Shryock-Omer, resides in Fulton County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Casey's Retail Company, is a limited liability corporation doing business in and for Fulton County whose address is 2020 North Main Street, Canton, IL 61520-1054.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

11. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

**BACKGROUND FACTS**

12. Plaintiff (disabled) worked for Defendant as a cashier from on or about June 13,

2024 until she was forced to face a constructive discharge on or about December 11, 2024.

13. Plaintiff suffers from a physical impairment, specifically, a knee injury/dislocated kneecap, which substantially limits her major life activities.

14. Despite this disability, Plaintiff was qualified and able to perform the essential functions of her job, with or without reasonable accommodation.

15. Plaintiff is a "qualified individual" as defined under the ADA.

16. Plaintiff suffered from a dislocated kneecap, which required reasonable accommodation.

17. Specifically, this disability required the ability to sit while working.

18. In or around July 2024, Plaintiff requested a reasonable accommodation from her manager, Patti Shoop, in the form of sitting on a stool while working.

19. Plaintiff submitted medical documentation to support her request for reasonable accommodation.

20. Patti responded to Plaintiff's request for reasonable accommodation with hostility.

21. Almost immediately thereafter, Defendant severely reduced Plaintiff's working hours.

22. Before Plaintiff requested reasonable accommodation, Plaintiff was scheduled to work for an average of approximately 29 hours per week.

23. After Plaintiff requested reasonable accommodation, Defendant depleted Plaintiff's working hours by almost three-fourths, scheduling her to work only about 4 to 8 hours per week.

24. In or around the week of July 29, 2024, shortly after her accommodation was

approved, Defendant scheduled Plaintiff to work only approximately 6.25 hours.

25. The following week, Defendant scheduled Plaintiff to work only approximately 8 hours.

26. Plaintiff's hours continued to be reduced as she utilized her reasonable accommodation.

27. Defendant reduced Plaintiff's hours to such an extent that Plaintiff was entirely removed from the work schedule for two weeks, from on or about September 6, 2024, through on or about September 21, 2024.

28. Plaintiff protested her removal from the work schedule to the assistant manager, Dakota (LNU), thereby engaging in protected activity.

29. When Plaintiff was eventually placed back on the work schedule, she was again scheduled for severely reduced hours of only about 4 to 8 hours per week.

30. From in or around October 2024 through present, Defendant ignored Plaintiff's reports of disability-based discrimination and continued to schedule Plaintiff for a severely reduced weekly average of only about 4 to 8 hours weekly.

31. Plaintiff renewed her complaints regarding her work hour reduction several times to Dakota, thereby engaging in protected activity.

32. Despite Plaintiff's reports, she continued to be scheduled for severely reduced working hours.

33. Patti's hostility towards Plaintiff discouraged Plaintiff from reporting the disability-based discrimination and harassment directly to Patti, thus preventing her from further engaging in protected activity.

34. In or around October 2024, Defendant's corporate representative met with Plaintiff and informed her that her reasonable request for accommodations was not suitable, and that Defendant would not be able to accommodate her request for accommodations if she was the only employee working in the store.

35. Defendant thereby failed to accommodate Plaintiff's disabilities, and failed to engage in an interactive process to determine what accommodation(s) would be appropriate in order to accommodate Plaintiff's disability.

36. Defendant demanded more details about Plaintiff's accommodation needs, although Plaintiff had already submitted the necessary medical documentation.

37. Additionally, Defendant's corporate team reprimanded Plaintiff for actions which were included in Plaintiff's training and which other employees engaged in but were not admonished for.

38. Plaintiff was reprimanded for eating her lunch at the cash register, although she was trained to do so, and other employees were not punished for the same.

39. In addition, Plaintiff was reprimanded for wearing a hat, although other employees were not punished for the same.

40. Plaintiff had never before received negative performance remarks or been the subject of disciplinary actions.

41. After Defendant's corporate representatives met with Plaintiff, Defendant continued to schedule Plaintiff for severely reduced hours.

42. In or around the week of November 18, 2024, Plaintiff was scheduled to work for only about 4 hours.

43. In or around the week of November 25, Plaintiff was scheduled to work for only about 8 hours.

44. In or around the week of December 2, 2024, Plaintiff was scheduled to work for only about 6 hours.

45. Defendant attributed the reduction in Plaintiff's work hours to a decreased demand for work.

46. However, upon information and belief, Defendant hired three to four new employees who averaged approximately 30 hours of work weekly.

47. Meanwhile Plaintiff's hours were reduced and she was consistently scheduled for only about 4 to 8 hours per week.

48. From in or around August 2024 through in or around December 2024, Plaintiff faced immense financial struggles due to her severely reduced working hours.

49. Plaintiff could not afford to pay her bills, and her phone line was disconnected in or around the beginning of December 2024.

50. Plaintiff could not even afford to fill her car with gasoline to commute to work.

51. Defendant's disability-based discrimination and retaliation, coupled with Defendant's restriction of Plaintiff's ability to earn income and pay her bills, took a heavy mental toll on Plaintiff, who has suffered and continues to suffer deep mental anguish and distress.

52. Defendant failed to accommodate Plaintiff's disabilities, and failed to engage in an interactive process to determine what reasonable accommodation(s) would be appropriate in order to accommodate Plaintiff's disability.

53. Plaintiff suffered multiple adverse employment actions including, but not limited

to, her hours being reduced.

54. Plaintiff's hours were reduced because of her disability, in retaliation for requesting reasonable accommodations, and in retaliation for reporting disability-based discrimination.

55. Other, similarly situated non-disabled employees were not subject to the same treatment as Plaintiff.

56. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

57. The actions of Defendant caused Plaintiff immense financial and mental anguish and distress, which she continues to suffer from to this day.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

58. Plaintiff repeats and re-alleges paragraphs 1-57 as if fully stated herein.

59. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, a knee injury/dislocated kneecap, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

60. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant, as to the best of her knowledge she never received non-discriminatory negative performance remarks.

61. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

62. Defendant reduced Plaintiff's hours on the basis of Plaintiff's disability.

63. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

64. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

65. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

66. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

67. Plaintiff repeats and re-alleges paragraphs 1-57 as if fully stated herein.

68. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

69. Plaintiff is a qualified individual with a disability.

70. Defendant was aware of the disability and the need for accommodations, as Plaintiff requested a reasonable accommodation in the form of a stool to sit on while working.

71. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodation.

72. Plaintiff's requests were not an undue burden on Defendant.

73. Defendant did not accommodate Plaintiff's disability.

74. Plaintiff is a member of a protected class under Americans with Disabilities Act of

1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

75. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

76. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Retaliation)

77. Plaintiff repeats and re-alleges paragraphs 1-57 as if fully stated herein.

78. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

79. During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodation from her manager and reported disability-based discrimination.

80. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

81. In response to Plaintiff's request for reasonable accommodation and reports of disability-based discrimination, Defendant failed to address the disability-based discrimination, failed to accommodate Plaintiff's requests, and retaliated against Plaintiff by reducing her work hours.

82. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff reporting disability-based discrimination and requesting reasonable accommodation, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

83. Plaintiff suffered an adverse employment action in retaliation for engaging in

protected activity, specifically, a reduction in work hours.

84. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

85. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay;

    b.    Payment of interest on all back pay recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 11th day of December, 2024.

                                                                */s/ Nathan C. Volheim*
                                                                 **NATHAN C. VOLHEIM, ESQ.**
                                                                 IL Bar No.: 6302103

**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

**/s/ *Sophia K. Steere***
**SOPHIA K. STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7634
Fax (630) 575 - 8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*